Dear Mr. Lindsly:
Our office is in receipt of Resolution No. 1-96 of the St. Tammany Republican Parish Executive Committee, requesting an Attorney General's Opinion on the following questions:
 (1) Does a vacancy occur when a parish executive committee member's term expires and he fails to qualify and be elected to a new 4 year term?
 (2) What is the procedure for filling vacancies on a parish executive committee?
We have also recently received an opinion request on behalf of the newly-elected member to the St. Tammany Republican PEC, Ms. Mary Thibaut Rives. Ms. Rives' attorney has provided our office with information that is contrary to the information provided in your letter. Specifically, your letter states that nine members were elected to the St. Tammany Republican PEC. The documentation from the Secretary of State's Office shows that ten members were elected. Therefore, in response to your opinion request, we need to inform you that Resolution No. 1-96 has no effect and is invalid, for all the reasons set forth in Opinion No. 96-227, regarding the same subject matter. Enclosed herein for your information and review is a copy of Opinion No. 96-227.
That being said, we will provide a general answer to your questions as follows:
LSA-R.S. 18:444 provides, in pertinent part:
 B. Election and term. (1) Members of a parish executive committee of a recognized political party shall be elected every four years at the same time as the presidential preference primary election. The term of office shall not extend beyond the time for which the member was elected. Notwithstanding this provision, members elected in 1991 shall serve until their successors are chosen.
* * *
 (4)(6) If, after the close of the qualifying period, the number of candidates for membership on a political party committee does not exceed the number of members to be elected to the committee, the candidates for membership on that political party committee, or those remaining after the death or withdrawal of one or more candidates, are declared elected by the people, and their names shall not appear on the ballot.
 C. Meetings. (1) The newly-elected members
of the parish executive committee of a recognized political party shall meet at the parish courthouse, shall take office, and organize within forty days after their election. A majority of the newly-elected members of the parish executive committee shall constitute a quorum for the purpose of organizing and filling any vacancies which may exist due to death, ineligibility, or failure to fill a vacancy by election.
* * *
 F. Vacancies. (1) A vacancy occurs in the membership of a parish executive committee of a recognized political party when a member dies or no longer meets the qualifications for membership on the committee, or no person qualifies and is elected to succeed a member whose four-year term has expired.
 (2) A vacancy in the membership of a parish executive committee shall be filled by any qualified resident of the parish appointed by the parish executive committee for a vacancy in an at-large position. A vacancy in the membership left by a representative of a district shall be filled by any qualified resident of the district appointed by the parish executive committee. (Emphasis added.)
In response to your first question, it is the opinion of the Attorney General that a vacancy occurs in the membership of a parish executive committee when a member's term expires and the member fails to qualify and be elected to the office, and no other person has qualified for the office. R.S. 18:444(F)(1) clearly provides for such a situation. Therefore, outgoing members elected in 1992, who did not qualify to run for their old seats, may not continue in office, even where no one qualified for the office. However, we are aware of the PEC's By-laws, Section IV, Paragraph 2, which provides for the out going chairman to call the initial meeting of the newly elected members within forty days of their election. We do not find said provision to be inconsistent with R.S. 18:444 B(1), as the out-going chairman merely calls the initial meeting but does not preside over the meeting.
In response to your second question, R.S. 18:444(C)(1) and (F)(2) clearly sets forth the procedure for filling vacancies on a parish executive committee. The procedure is appointment of a qualified resident of the parish or district, if applicable. Additionally, all the rules and regulations of the PEC should be followed, as well as state law.
If you have any further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
arl/opinion/ 96-174
Enclosure
DATE RECEIVED: DATE RELEASED:
ANGIE ROGERS LaPLACE Assistant Attorney General